# Birdsell Manufacturing Company v. Burgess, et al.

(Decided June 6, 1913.)

## Appeal from Graves Circuit Court.

Action—Equitable Action to Subject Alleged Interest of Husband in Property of Wife to a Judgment Debt—Evidence—Finding of Chancellor.—In an action to subject to a judgment debt an alleged interest of the husband in certain property, the legal title to which, is in the wife, held, the finding of the chancellor dismissing the petition is sustained by the evidence, it not appearing that any of the earnings of the husband went toward the payment of the property, and there being nothing in the evidence from which it may be fairly inferred that since the purchase of the property, the earnings of the husband have even been sufficient to support the family.

MOORMAN & WARREN for appellant.

JOE W. BENNETT for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an equitable action by appellant against the appellees, R. T. Burgess and his wife, I. D. V. Burgess, seeking to subject to a judgment debt of appellant against R. T. Burgess an alleged interest of his in certain property in Mayfield, the legal title to which is in his wife.

The petition alleges that the defendant, I. D. V. Burgess, in 1902 bought certain real estate in Mayfield, Kentucky, at the price of $1,850; that she paid in cash on the purchase price $1,050, and executed purchase money notes for the balance; that since that time, she and her husband borrowed from a certain Building and Loan Association $750 with which to pay off the balance of the unpaid purchase money; that this $750 has all since been paid off by the defendant, R. T. Burgess, and that in addition thereto, R. T. Burgess has placed certain valuable improvements on said real estate which enhanced its value to the extent of at least $300, and it prays to have the property sold, and the proceeds thereof belonging to R. T. Burgess applied to the payment of the judgment.

The defendants filed separate answers wherein they each denied that R. T. Burgess had paid any part of the Building and Loan Association debt, or had paid for any part of the improvements placed upon the property.

The defendant, I. D. V. Burgess, gave her deposition wherein she stated that she had inherited about $2,500 from her father's estate some years before, and had at various times invested it in different ways, and that the $1,050 paid on the Mayfield property was a part of the proceeds of the sale of some property elsewhere which she had bought with that money; she also stated that she had two grown daughters who were working at Mayfield, and had been for several years, and that with her own money, and with the assistance she had received from the wages of these two daughters, she had kept up the weekly payments on the stock in the Building and Loan Association, and that the same is about matured, and the mortgage debt practically paid off.

This evidence is corroborated by the elder daughter, and there is no other witness in the case on this issue.

It no where appears from the evidence that one dollar of the money or earnings of appellee, R. T. Burgess went toward the payment of the property in the first place, or toward the payments on the Building and Loan Association stock, or into the improvements. It appears further that R. T. Burgess is not a strong and vigorous man, and is only able to work a part of the time. There is nothing in the evidence from which it may fairly be inferred that his earnings since the purchase of the Mayfield property have been even sufficient to support his family.

The chancellor below properly dismissed appellant's petition.

Judgment affirmed.